UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGEL RODRIGUEZ,

                Plaintiff,

     v.                          Case No. 06-C-1091

PLYMOUTH AMBULANCE SERVICE, et. al.,

                Defendants.

**ORDER THAT PLAINTIFF PAY THE INITIAL PARTIAL FILING FEE**

On October 19, 2006, Angel Rodriguez filed a complaint under 42 U.S.C. § 1983. Because the plaintiff is incarcerated and because this is a civil action for the purposes of the Prison Litigation Reform Act (hereinafter "PLRA"), the plaintiff is required to pay the statutory filing fee of $350.00 in full. Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997), overruled in part by Lee v. Clinton, 209 F.3d 1020 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000); 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the in forma pauperis statute, the court must first assess an initial partial filing fee of 20 percent of the average monthly deposits to the plaintiff's prison account or the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater.

After the initial fee is paid, the prisoner must make monthly payments of 20 percent of the proceeding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1). The agency that has custody of the prisoner will collect the money and send payments to the court. In this

1

regard, prison officials must capture 20 percent of the deposits made to the plaintiff's account each month and forward them to the court so long as the account balance exceeds ten dollars.

The plaintiff filed a certified copy of his prisoner trust account statement as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the period immediately preceding the filing of this complaint, the average monthly deposit to the plaintiff's prison account was $67.11 and the average monthly balance of the account was $147.39. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $29.48. The plaintiff shall pay the initial filing fee of $29.48 to the clerk of this court within 30 days of the date of this order. Failure to pay the initial partial filing fee within 30 days will result in dismissal of the matter with prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or are dismissed for failure to state a claims upon which relief can be granted, the prisoner will be prohibited from bringing any other actions <u>in forma pauperis</u> unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions <u>in forma pauperis</u>. This analysis of the complaint is not undertaken by the court until after the partial filing fee is paid. Accordingly, the plaintiff is afforded an opportunity to voluntarily dismiss these actions to avoid incurring a "strike" under § 1915(g).

**Note to the Plaintiff**: If you do not wish to pay the filing fees as set forth in this order or do not wish to proceed with these actions to avoid incurring a "strike" under § 1915(g), **you must notify the court, by writing a letter to the clerk, within 30 days of the date of this order**, stating that you do not wish to prosecute the civil action. If you write such a letter, this case will be

dismissed without prejudice. Voluntary dismissals will not be counted as a "strike" under § 1915(g).

**IT IS THEREFORE ORDERED** that within **30 days** of the date of this order, the plaintiff shall forward to the clerk of this court the sum of $29.48 as an initial partial filing fee.

Upon payment of the initial partial filing fee, the court will review the complaint to determine whether this action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
